UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| KENNETH M. MOLLINS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff,<br><br>v.<br><br>INSTACART (MAPLEBEAR INC.),<br><br>Defendant. | Case No.: 2:26-cv-724<br><br>**NOTICE OF REMOVAL**<br><br>Removed from:<br><br>Supreme Court of the State of New York, Suffolk County, Index No. 632386/2025 |

**TO THE CLERK OF THE COURT:**

Please take notice that pursuant to 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Maplebear Inc. (d/b/a Instacart) ("Instacart" or "Defendant") hereby gives notice of the removal of this action from the Supreme Court of the State of New York, County of Suffolk, to the United States District Court for the Eastern District of New York. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d); *see also* 28 U.S.C. § 1453(b). In support of this Notice of Removal, Instacart states as follows:

**INTRODUCTION**

1. Plaintiff Kenneth M. Mollins ("Plaintiff") commenced this action by filing a verified class action complaint, then an amended verified class action complaint (the "Amended Complaint") against Instacart in the Supreme Court of the State of New York, County of Suffolk, Index No. 63286/2025. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, and orders served upon Instacart are attached hereto as Exhibit A.

2. Instacart received a copy of the Amended Complaint on December 18, 2025 and a copy of the original Complaint on December 29, 2025. *See* Exhibit A. On January 9, 2026,

1

counsel for Instacart told Plaintiff that Instacart contested that the pleadings were properly served; the parties thereby agreed that Instacart would accept service of the Amended Complaint as of that date, and that Instacart's time to answer, move, or otherwise respond would be extended through and including February 9, 2026. *See* Declaration of Matthew Insley-Pruitt, ¶ 2, attached as Exhibit B.

3.  This Notice of Removal is timely under 28 U.S.C. § 1446(b) because it is filed within thirty (30) days of Instacart's acceptance of service of the Amended Complaint.

4.  Pursuant to 28 U.S.C. § 1446(d), Instacart will promptly serve on Plaintiff and file with the State Court a "Notice to Adverse Party and State Court of Removal to Federal Court." Instacart will also file with this Court a "Certificate of Service of Notice to Adverse Party and State Court of Removal to Federal Court."

5.  In the Amended Complaint, Plaintiff, individually and on behalf of putative class members, asserts claims against Instacart for allegedly engaging in deceptive acts and practices in violation of New York General Business Law § 349 (Count I), false advertising in violation of New York General Business Law § 350 (Count II), breach of contract (Count III), unjust enrichment (Count IV), fraud (Count V), and fraud in the inducement (Count VI). *See* Am. Compl. ¶¶ 28–41. These claims arise from Plaintiff's allegations concerning Instacart's subscription membership program (known as "Instacart+"), which Plaintiff characterizes as involving "deliberate, systematic, and concealed deception" of "long-term subscription members." *Id.* ¶¶ 1–5.

6.  Specifically, Plaintiff alleges that Instacart induced consumers to enroll in and remain in Instacart+ by promising "reduced service fees," "priority delivery slots," and "delivery within a two-hour window at no additional charge." *Id.* ¶¶ 2, 22. Plaintiff alleges that Instacart

"materially altered the program" by imposing fees and reducing availability. *Id.* ¶¶ 3-4, 23–25. Plaintiff further alleges that Instacart "employs proprietary pricing algorithms" to charge different prices to different consumers. *Id.* ¶¶ 5–9, 8, 11–13.

7. Plaintiff also alleges that Instacart's conduct caused Plaintiff and the proposed class "actual damages," including that consumers "paid more than they otherwise would have paid for identical goods," were "denied the benefit of transparent, honest pricing," and were "economically harmed by overpayment driven solely by concealed profiling." *Id.* ¶¶ 5, 16. As alleged, the proposed class consists of "all New York Instacart subscription members who were charged priority surcharges or misled by the Schedule Ahead & Save feature." *Id.* ¶ 26.

8. In connection with these claims and allegations, Plaintiff seeks an award of actual and statutory damages, including treble damages; an order of restitution; injunctive relief; attorneys' fees and costs; and such other relief as the Court deems just. *See id.* Prayer for Relief.

## BASIS FOR REMOVAL

### I. THIS COURT HAS ORIGINAL SUBJECT MATTER JURISDICTION UNDER CAFA.

9. Under the Amended Complaint, the action is subject to removal under the Class Action Fairness Act ("CAFA") (codified in various sections of 28 U.S.C. including 28 U.S.C. § 1332). *See* Am. Compl. ¶¶ 26-27.

10. As set forth below, and as shown in the accompanying Declaration of Maryssa Abraham, Instacart's Senior Paralegal (attached hereto as Exhibit C ("Abraham Decl.")), this is a putative class action in which: (1) there are 100 or more members in the Plaintiff's proposed class; (2) any member of the proposed class of plaintiffs is a citizen of a state different from the citizenship of Defendant; and (3) the claims of the proposed class members exceed the sum or

value of five million dollars ($5,000,000.00) in the aggregate. Thus, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A. The Putative Class Consists of More Than 100 Members.

11. Plaintiff alleges that "[t]he class consists of all New York Instacart subscription members who were charged priority surcharges or misled by the Schedule Ahead & Save feature." Am. Compl. ¶ 26. Plaintiff also alleges that Instacart's alleged practices "affect thousands of consumers daily." Am. Compl. ¶ 15.

12. To merit removal, CAFA requires that a proposed class include at least 100 members. *See* 28 U.S.C. § 1332(d)(5)(B). This requirement is satisfied where the removing defendant demonstrates a "reasonable probability" that the putative class exceeds 100 members. *See Barbato v. Interstate Fire & Cas. Co.*, No. 25-cv-5312 (JGK), 2025 WL 2959010, at *5 (S.D.N.Y. Oct. 17, 2025).

13. Plaintiff's Amended Complaint does not quantify the size of the putative class. That omission, however, "does not pose an obstacle to removal" where the removing defendant submits a sworn declaration from an employee identifying putative class members based on the defendant's business records. *See Nunez v. JP Morgan Chase Bank, N.A.*, No. 23-cv-7569 (PAE), 2024 WL 244624, at *2 (S.D.N.Y. Jan. 23, 2024).

14. As set forth in the Abraham Decl., it is reasonably probable that Instacart's business records identify more than 100 New York subscription members who fall within the putative class definition alleged in the Amended Complaint. *See* Abraham Decl. ¶¶ 6-7. Courts routinely accept this form of business-records-based, employee-declaration evidence to satisfy CAFA's numerosity requirement. *See e.g., Musiello v. CBS Corp.*, No. 20-cv-2569 (PAE), 2020 WL 3034793, at *2 (S.D.N.Y. June 5, 2020) (finding CAFA numerosity satisfied where a declaration based on human

resources records identified upward of 400 putative class members); *Henry v. Warner Music Grp. Corp.*, No. 13-cv-5031 (PGG), 2014 WL 1224575, at *2 n.1 (S.D.N.Y. Mar. 24, 2014) (finding CAFA numerosity satisfied where a declaration based on business records identified over 2,800 putative class members).

15. Accordingly, because the proposed class exceeds 100 members, Instacart satisfies CAFA's numerosity requirement. *See* 28 U.S.C. § 1332(d)(5)(B).

### B. Diversity of Citizenship Exists Under CAFA.

16. "CAFA requires only minimal diversity of the parties, i.e., where at least one plaintiff and one defendant are citizens of different states." *Abdale v. N. Shore-Long Island Jewish Health Sys., Inc.*, No. 13-cv-1238 (JS) (WDW), 2014 WL 2945741, at *6 (E.D.N.Y. June 30, 2014) (citing 28 U.S.C. § 1332(d)(2)) (holding there need only be "a reasonable probability that at least one class member is not a citizen of New York and thus is a 'citizen of a State different from . . . defendant'").

17. Plaintiff Kenneth M. Mollins alleges he is a resident of Suffolk County, New York, and is therefore a citizen of New York. *See* Am. Compl. ¶ 18.

18. Defendant Instacart is a corporation organized under the laws of the State of Delaware with its principal place of business in California. *See* Am. Compl. ¶ 19; Abraham Decl. Exs. 1 & 2. Accordingly, Instacart is a citizen of Delaware and California for purposes of diversity jurisdiction. *See* 28 U.S.C. § 1332(c)(1).

19. Because Plaintiff is a citizen of New York and Defendant is a citizen of Delaware and California, minimal diversity exists between at least one plaintiff and the defendant. *See* 28 U.S.C. § 1332(d)(2)(A).

### C. The Amount in Controversy Requirement is Satisfied.

20. CAFA confers federal jurisdiction where, among other requirements, "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). In determining whether this threshold is satisfied, CAFA provides that "the claims of the individual class members shall be aggregated." 28 U.S.C. § 1332(d)(6).

21. Where a class action complaint does not expressly allege that more than $5,000,000 is in controversy, "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014). If removal is contested, a defendant satisfies CAFA's amount-in-controversy requirement by showing "that it appears to a reasonable probability that the aggregate claims of the plaintiff class are in excess of $5 million." *Smith v. Manhattan Club Timeshare Ass'n, Inc.*, 944 F. Supp. 2d 244, 250 (S.D.N.Y. 2013) (*quoting Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 58 (2d Cir. 2006)).

22. In evaluating whether this standard is met, courts "look first to the plaintiffs' complaint and then to the defendant's petition for removal," and where the pleadings are inconclusive, courts "may look outside those pleadings to other evidence in the record." *Id.* (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)); *see also Cutrone v. Mortg. Elec. Registration Sys., Inc.*, 749 F.3d 137, 139 (2d Cir. 2014).

23. Here, Plaintiff seeks an award of actual and statutory damages; treble damages; restitution; attorneys' fees and costs; and injunctive relief relating to Instacart's alleged pricing practices. *See* Am. Compl. Prayer for Relief.

24. Plaintiff alleges that Instacart "materially altered" the Instacart+ program "[a]fter securing recurring subscription payments." Am. Compl. ¶ 3. Plaintiff also alleges that, "[a]s a direct and proximate result of Instacart's undisclosed algorithmic pricing," Plaintiff and the

putative class "paid more than they otherwise would have paid for identical goods," were "denied the benefit of transparent, honest pricing," and were "economically harmed by overpayment driven solely by concealed profiling." Am. Compl. ¶ 16.

25. As set forth in the Abraham Decl., Instacart maintains business records identifying New York subscription members and the fees and surcharges assessed to those members during the relevant period. *See* Abraham Decl. ¶ 6, 8.

26. As discussed below, Instacart reserves its rights, defenses, and objections to the allegations in the Amended Complaint and only addresses these allegations to the extent necessary at this stage. Based on its records, Instacart has determined that it is reasonably probable that the aggregate amount of subscriptions, fees, and surcharges paid by New York Instacart subscription members during the applicable period as alleged in the Amended Complaint exceeds $5,000,000. *See* Abraham Decl. ¶ 8; *see also Cutrone*, 749 F.3d at 142 ("To establish the requisite amount in controversy for CAFA jurisdiction pursuant to 28 U.S.C. § 1332(d), a defendant must 'show that it appears to a "reasonable probability" that the aggregate claims of the plaintiff class are in excess of $5 million'" (quoting *Blockbuster*, 472 F.3d at 58)).

27. Accordingly, the amount-in-controversy requirement under CAFA is satisfied. *See* 28 U.S.C. § 1332(d).

II. **NO BARRIERS EXIST TO REMOVAL UNDER CAFA.**

28. The Court should grant removal because none of the exclusions to removal jurisdiction set forth in 28 U.S.C. §§ 1332(d)(4), (d)(9), or 28 U.S.C. § 1453(d) apply. The Section 1332(d)(4) exclusion is inapplicable because of Instacart's citizenship. Under Section 1332(d)(4), a court must decline jurisdiction over a class action where "greater than two-thirds of the members of all proposed plaintiff classes in the aggregate are citizens of the State in which the action was

originally filed[,]" and at least one defendant whose "alleged conduct forms a significant basis for the claims asserted by the proposed plaintiff class . . . is a citizen of the State in which the action was originally filed[.]" 28 U.S.C. § 1332(d)(4)(A); *see also* 28 U.S.C. § 1332(d)(4)(B) (excluding cases where "two-thirds or more of" the class members and "the primary defendants, are citizens of the State in which the action was originally filed"). Here, Instacart is a citizen of both California and Delaware. *See* Abraham Decl. ¶ 3. The State Court Action was originally filed in New York and, thus, this exclusion does not serve as a barrier to removal, regardless of the number of members of all proposed plaintiff classes that are citizens of New York.

29. Similarly, the exclusions under Sections 1332(d)(9) and 1453(d) do not bar the removal of Plaintiff's action to this federal court. These exclusions exempt certain securities and corporate governance cases from CAFA's broad jurisdictional grant. *See* 28 U.S.C. § 1332(d)(9) (explaining that § 1332(d)(2) does not apply to cases arising under several sections of the Securities Act of 1933, several sections of the Securities Exchange Act of 1934, and certain state corporate governance laws); *id*. at § 1453(d) (same). The Amended Complaint brings claims against Instacart arising out of New York commercial statutes and common law jurisprudence. *See* Am. Compl. ¶¶ 28-41. Plaintiff's claims do not involve the Securities Act of 1933, the Securities Exchange Act of 1934, or state-centric corporate governance issues. *See id.* Accordingly, the Court may exercise its jurisdiction and the case is properly removed to federal court.

### III.    VENUE AND INTRA-DISTRICT ASSIGNMENT ARE PROPER.

30. The Eastern District of New York is the proper venue and intra-district assignment for this action upon removal because this "district and division embrac[e]" the Supreme Court of the State of New York, County of Suffolk, where Plaintiff filed the Amended Complaint and where it remains pending. *See* 28 U.S.C. § 1441(a).

## **RESERVATION OF RIGHTS AND DEFENSES**

31. Instacart expressly reserves all its defenses and rights, and none of the foregoing shall be construed as in any way conceding the truth of any of Plaintiff's allegations or waiving any of Instacart's defenses.

**WHEREFORE**, Instacart requests that this Court consider this Notice of Removal as provided by law governing the removal of cases to this Court, that this Court take such steps as are necessary to achieve the removal of this matter to this Court from the New York state court, and that this Court make such other orders as may be appropriate to effect the preparation and filing of a true record in this cause of all proceedings that may have been had in the State Court Action.

Dated: February 9, 2026                                  Respectfully Submitted,

*/s/ Matthew Insley-Pruitt*
Matthew Insley-Pruitt, Esq.

**WOLF POPPER LLP**
845 Third Avenue, 12th Floor
New York, New York 10022
Tel.: (212) 451-9621
Fax: (212) 486-2093
MInsley-Pruitt@wolfpopper.com

*Attorney for Defendant Maplebear Inc. (d/b/a Instacart)*