# EXHIBIT A

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
12/18/2025
CT Log Number 550916018

## Service of Process Transmittal Summary

**TO:** Legal Ops Team
Maplebear Inc DBA Instacart
50 BEALE STREET, 6TH FLOOR
SAN FRANCISCO, CA 94105

**RE:** **Process Served in New York**

**FOR:** Maplebear Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** KENNETH M. MOLLINS, Individually and on Behalf of All Others Similarly Situated vs. 1NSTACART (MAPLEBEAR INC.)

**CASE #:** 6323862025

**PROCESS SERVED ON:** C T Corporation System, New York, NY

**DATE/METHOD OF SERVICE:** By Process Server on 12/18/2025 at 11:26

**JURISDICTION SERVED:** New York

**ACTION ITEMS:** CT will retain the current log

Image SOP

Email Notification, Legal Ops Team legalops@instacart.com

Email Notification, Franchesca Badia franchesca.badia@instacart.com

**REGISTERED AGENT CONTACT:** C T Corporation System
28 Liberty Street
New York, NY 10005
866-401-8252
LargeCorporationTeam@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

Wolters Kluwer

# PROCESS SERVER DELIVERY DETAILS

**Date:** Thu, Dec 18, 2025
**Server Name:** NY-NYC DROPOFFPROCESSSERVER

| | |
|---|---|
| Entity Served | INSTACART (MAPLEBEAR INC.). |
| Case Number | 6323862025 |
| Jurisdiction | NY |

| Inserts | | |
|---|---|---|
| | | |

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---------------------------------------------------------X

| | |
|---|---|
| KENNETH M. MOLLINS, Individually and on Behalf of All Others Similarly Situated,<br><br>Plaintiff<br><br>-against-<br><br>INSTACART (MAPLEBEAR INC.),<br><br>Defendant. | Index No.:632386/2025<br>Date Purchased:12/03/2025<br>Plaintiff designates<br>**SUFFOLK COUNTY**<br>as Place of Trial<br>Basis of Venue:<br>Plaintiff's residence<br>**SUMMONS**<br>Plaintiff resides at:<br>Stony Brook, New York 11790 |

---------------------------------------------------------X

TO THE ABOVE NAMED DEFENDANT:

**YOU ARE HEREBY SUMMONED** to Answer the Amended Complaint in this action and to serve a copy of your Amended Answer, or, if the Amended Complaint is not served with this Amended Summons, to serve a Notice of Appearance, on the Plaintiff's attorneys within twenty (20) days after the service of this Amended Summons, exclusive of the date of service (or within thirty (30) days after service is complete if the Amended Summons is not personally delivered to you in the State of New York); in the case of your failure to appear or answer, Judgment will be taken against you by default for the relief demanded in the Amended Complaint.

Dated: Hauppauge, New York
December 16, 2025

**LAW OFFICE OF KENNETH M. MOLLINS,PC**

**By: TIMOTHY MANNING**
Attorneys for Plaintiff
**Kenneth M. Mollins et al**
1393 Veterans Memorial Highway, Suite 101S
Hauppauge, New York 11788
(631) 608-4100

TO: INSTACART (MAPLEBEAR INC.)
c/o Secretary of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---------------------------------------------------------------------X Index No.: 632386/2025

KENNETH M. MOLLINS, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

-against-

INSTACART (MAPLEBEAR INC.),

Defendant.

---------------------------------------------------------------------X

**AMENDED CLASS ACTION COMPLAINT**

## PRELIMINARY STATEMENT

1. This action arises from Instacart's deliberate, systematic, and concealed deception of its long-term subscription members.

2. Instacart induced Plaintiff and class members to enroll and remain in its subscription program by promising reduced service fees, priority delivery slots, and delivery within a two-hour window at no additional charge.

3. After securing recurring subscription payments, Instacart materially altered the program, imposing "priority" surcharges ranging from $2 to $8, eliminating reliable two-hour delivery windows, and manipulating delivery times through concealed algorithms.

4. Instacart's "Schedule Ahead & Save $2" feature advertises early delivery times but, upon selection, only provides later or next-day windows, further deceiving consumers.

5. Instacart employs proprietary pricing algorithms that collect, analyze, and exploit consumers' personal data—including ZIP code, geographic location, purchasing history, and inferred socioeconomic characteristics—to charge different prices to different consumers for identical grocery items.

6. Consumers were routinely charged materially different prices for the exact same products when shopping on Instacart at the same time. In numerous instances, one consumer was charged as little as one dollar, while another consumer was charged multiple times that amount for the identical item, solely based on location and inferred affluence.

7. These pricing disparities were not driven by retailer pricing, supply shortages, delivery timing, or legitimate market variables. Rather, they were the direct result of Instacart's internal algorithmic decision-making, which assesses where a consumer lives and what Instacart believes that consumer is willing—or able—to pay.

8. Instacart does not disclose to consumers that prices are personalized, dynamic, or determined by individual profiling. To the contrary, Instacart affirmatively creates the impression that prices are neutral, uniform, and reflective of ordinary retail pricing, thereby concealing the true basis upon which prices are set.

9. A reasonable consumer would not expect that two neighbors in different ZIP codes—or two consumers shopping simultaneously—would be charged drastically different prices for the same grocery item based solely on inferred wealth or location. This practice is invisible to consumers, impossible to detect through ordinary use, and fundamentally alters the economic terms of every transaction.

10. Material Omissions and Deceptive Pricing Practices

11. Instacart's failure to disclose its individualized pricing scheme is material. Pricing is one of the most important factors influencing consumer purchasing decisions, particularly for everyday household necessities such as groceries.

12. By withholding the fact that prices are algorithmically manipulated based on personal data, Instacart deprives consumers of the ability to make informed choices, compare prices accurately, or avoid discriminatory pricing practices. Consumers are left believing that they are paying a fair market price, when in fact they are paying a price tailored to extract the maximum amount Instacart believes they will tolerate.

13. Instacart's concealment of these practices is not accidental. The pricing algorithm operates in the background, beyond the visibility of consumers, and Instacart provides no disclosures, warnings, or explanations regarding how prices are determined or why they may differ between consumers.

Regulatory Scrutiny and Public Harm

14. The scale and severity of Instacart's pricing practices have drawn public concern and calls for regulatory investigation, underscoring the consumer-oriented nature of the misconduct and its widespread impact on New York consumers.

15. These practices affect thousands of consumers daily and disproportionately burden consumers based on where they live, creating a system of digital price discrimination that is fundamentally unfair, deceptive, and contrary to New York consumer protection laws.

Resulting Consumer Injury

16.As a direct and proximate result of Instacart's undisclosed algorithmic pricing:

- Plaintiff and class members paid more than they otherwise would have paid for identical goods;
- Plaintiff and class members were denied the benefit of transparent, honest pricing;
- Plaintiff and class members were economically harmed by overpayment driven solely by

concealed profiling.

17. Instacart's conduct constitutes a systematic scheme to extract additional revenue through deception, hidden algorithms, and the exploitation of consumer data.

## PARTIES

18. Plaintiff Kenneth M. Mollins is a resident of Suffolk County, New York.

19. Defendant Instacart (Maplebear Inc.) is a Delaware corporation doing business throughout New York State.

## JURISDICTION AND VENUE

20. This Court has jurisdiction over this action because Defendant conducts substantial business in New York and the acts complained of occurred within the state.

21. Venue is proper in Suffolk County because Plaintiff resides here and the deceptive actions were received and relied upon here.

22. Instacart promised reduced service fees, priority delivery, early access windows, and reliable two-hour delivery estimates as core membership benefits.

23. Instacart later imposed priority surcharges of $2 to $8 for delivery windows previously included in the subscription.

24. Instacart's algorithm determines surcharge amounts without disclosure, creating urgency and misleading consumers.

25. Instacart's "Schedule Ahead & Save $2" feature advertises a specific early delivery time but, upon selection, only offers later or next-day windows for the discount.

**CLASS ALLEGATIONS**

26. The class consists of all New York Instacart subscription members who were charged priority surcharges or misled by the Schedule Ahead & Save feature.

27. Common questions include whether Instacart misrepresented membership benefits, violated GBL §§ 349–350, breached its contract, was unjustly enriched, or committed fraud.

**CAUSES OF ACTION**

**FIRST CAUSE OF ACTION** (Violation of GBL § 349)

28. Plaintiff repeats, reiterates, and realleges all prior allegations.

29. Instacart engaged in consumer-oriented deceptive acts, including representing that priority delivery was included in membership while later imposing surcharges, misrepresenting two-hour delivery windows, using undisclosed algorithms to manipulate surcharge amounts, and advertising false delivery times under the Schedule Ahead & Save feature.

30. Subscription purchasers paid for and did not receive the promised benefits and were charged again to receive same all causing damages to the Plaintiff and all class members.

**SECOND CAUSE OF ACTION** (Violation of GBL § 350)

31. Plaintiff repeats, reiterates, and realleges all prior allegations.

32. Instacart engaged in false advertising by representing that membership included priority delivery and reduced service fees, misrepresenting delivery window availability, falsely advertising early delivery windows under the Schedule Ahead & Save feature, and concealing surcharge algorithms.

33. Subscription purchasers paid for and did not receive the promised benefits and were charged again to receive same all causing damages to the Plaintiff and all class members.

**<u>THIRD CAUSE OF ACTION</u>** (Breach of Contract)

34. Plaintiff repeats, reiterates, and realleges all prior allegations.

35. Instacart unilaterally altered material terms of the membership agreement by imposing new surcharges and removing promised benefits, thereby breaching their subscription contract and causing damage to Plaintiff and all class members.

**<u>FOURTH CAUSE OF ACTION</u>** (Unjust Enrichment)

36. Plaintiff repeats, reiterates, and realleges all prior allegations.

37. Instacart was unjustly enriched by charging surcharges for benefits already promised as part of its membership, damaging Plaintiff and all class members.

**<u>FIFTH CAUSE OF ACTION</u>** (Fraud)

38. Plaintiff repeats, reiterates, and realleges all prior allegations.

39. Instacart knowingly misrepresented the inclusion of priority delivery, delivery window accuracy, and scheduling benefits to induce membership enrollment and renewal, thereby causing damages to Plaintiff and all class members.

**SIXTH CAUSE OF ACTION** (Fraud in the Inducement)

40. Plaintiff repeats, reiterates, and realleges all prior allegations.

41. Instacart knowingly made false statements and concealed material facts regarding membership benefits to induce enrollment and continued payment, thereby causing damages to Plaintiff and all class members.

**PRAYER FOR RELIEF**

Plaintiff demands: – Class certification
– Actual and statutory damages
– Treble damages
– Restitution
– Injunctive relief
– Attorney's fees and costs
– Any further relief deemed just

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: Hauppauge, New York
December 16, 2025

Respectfully submitted,

By: ______________________
TIMOTHY MANNING, ESQ.,
LAW OFFICE OF KENNETH M. MOLLINS, P.C.
Attorney for Plaintiff and the Proposed Class
1393 Veterans Memorial Highway, Suite 414
Hauppauge, New York 11788
Tel: (631) 608-4100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

--------------------------------------------------------------------X

KENNETH M. MOLLINS, Individually and on behalf of all Others Similarly Situated,

Plaintiff,

-against-

INSTACAR (MAPLEBEAR INC.),

Defendant.

--------------------------------------------------------------------X

Index No. 632386/2025

**ATTORNEY'S VERIFICATION**

STATE OF NEW YORK )
)SS:
COUNTY OF SUFFOLK )

I, **TIMOTHY MANNING**, the undersigned, an attorney duly admitted to practice law in the State of New York, hereby stated that I am an associate with the LAW OFFICE OF KENNETH M. MOLLINS, PC., who is the attorney of record for the Plaintiff in the within action; I have read the foregoing **AMENDED SUMMONS AND AMENDED CLASS ACTION COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The grounds of my belief as to all matters not stated upon my own knowledge is the information contained in my files.

Dated: Hauppauge, New York
December 16, 2025

TIMOTHY MANNING, ESQ.

Wolters Kluwer

**CT Corporation**
**Service of Process Notification**
12/29/2025
CT Log Number 550976524

## Service of Process Transmittal Summary

**TO:** Legal Ops Team
Maplebear Inc DBA Instacart
50 BEALE STREET, 6TH FLOOR
SAN FRANCISCO, CA 94105

**RE:** **Process Served in New York**

**FOR:** Maplebear Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

**TITLE OF ACTION:** KENNETH M. MOLLINS, Individually and on Behalf of All Others Similarly Situated vs. INSTACART

**CASE #:** 6323862025

**PROCESS SERVED ON:** C T Corporation System, New York, NY

**DATE/METHOD OF SERVICE:** By Traceable Mail on 12/29/2025

**JURISDICTION SERVED:** New York

**ACTION ITEMS:** CT will retain the current log

Image SOP

Email Notification, Legal Ops Team legalops@instacart.com

Email Notification, Franchesca Badia franchesca.badia@instacart.com

**REGISTERED AGENT CONTACT:** C T Corporation System
28 Liberty Street
New York, NY 10005
866-401-8252
LargeCorporationTeam@wolterskluwer.com

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.

DOS 470 (Rev. 10/09)

US POSTAGE
ZIP 12231 $ 007.20
02 4W
0000390306 DEC 22

**DEPARTMENT OF STATE**
One Commerce Plaza
99 Washington Avenue
Albany, NY 12231-0001

**Return Services Requested**

PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

***USPS CERTIFIED MAIL***

USPS CERTIFIED MAIL

9214 8969 0059 7931 6216 56

202512170123
C/O C T CORPORATION SYSTEM
28 LIBERTY STREET
NEW YORK NY 10005, USA

STATE OF NEW YORK
**DEPARTMENT OF STATE**
ONE COMMERCE PLAZA
99 WASHINGTON AVENUE
ALBANY, NY 12231-0001
WWW.DOS.NY.GOV

KATHY HOCHUL
GOVERNOR

WALTER T. MOSLEY
SECRETARY OF STATE

December 17, 2025

C/O C T CORPORATION SYSTEM
28 LIBERTY STREET
NEW YORK NY 10005, USA

| | |
|---|---|
| RE: Party Served: | MAPLEBEAR INC. |
| Plaintiff/Petitioner: | KENNETH M. MOLLINS |
| Receipt Number: | 202512170123 |
| Date Served: | 12/12/2025 |
| Section of Law: | SECTION 306 OF THE BUSINESS CORPORATION LAW |

To whom it may concern:

Enclosed is a legal document that was served upon the Secretary of State as the designated agent of the above named party. The Department of State is required by law to forward this legal document to the address on file for such party. This office is not authorized to offer legal advice. If you have any questions concerning this document, please contact your attorney.

Recently enacted legislation permits process to be served electronically on the Secretary of State as agent of a domestic or authorized foreign corporation, limited liability company, limited partnership, limited liability partnership, general association or condominium board, provided such entity has provided the Department of State with an email address for electronic service of process notification.

If the above named party has not already done so, it may provide the Department of State with an email address to which the Department will email a notice of the fact that process against such party has been electronically served upon the Secretary of State. A copy of any process served electronically will be made available to the party served through the Department's Electronic Service of Process webpage. Entities may provide the Department with an email address through the amendment procedure permitted by the law for such entity.

Sincerely,

Department of State
Division of Corporations, State Records
and Uniform Commercial Code
(518) 473-2492

NEW YORK STATE OF OPPORTUNITY. | Department of State

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

---------------------------------------------------------------------X Index No.: 632386/2025

KENNETH M. MOLLINS, Individually and on Behalf of All Others Similarly Situated,

Plaintiff,

**COMPLAINT**

-against-

INSTACART (MAPLEBEAR INC.),

Defendant.

---------------------------------------------------------------------X

## PRELIMINARY STATEMENT

1. This action arises from Instacart's deliberate, systematic, and concealed deception of its long-term subscription members.

2. Instacart induced Plaintiff and class members to enroll and remain in its subscription program by promising reduced service fees, priority delivery slots, and delivery within a two-hour window at no additional charge.

3. After securing recurring subscription payments, Instacart materially altered the program, imposing "priority" surcharges ranging from $2 to $8, eliminating reliable two-hour delivery windows, and manipulating delivery times through concealed algorithms.

4. Instacart's "Schedule Ahead & Save $2" feature advertises early delivery times but, upon selection, only provides later or next-day windows, further deceiving consumers.

## PARTIES

5. Plaintiff Kenneth M. Mollins is a resident of Suffolk County, New York.

6. Defendant Instacart (Maplebear Inc.) is a Delaware corporation doing business throughout New York State.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action because Defendant conducts substantial business in New York and the acts complained of occurred within the state.

8. Venue is proper in Suffolk County because Plaintiff resides here and the deceptive actions were received and relied upon here.

9. Instacart promised reduced service fees, priority delivery, early access windows, and reliable two-hour delivery estimates as core membership benefits.

10. Instacart later imposed priority surcharges of $2 to $8 for delivery windows previously included in the subscription.

11. Instacart's algorithm determines surcharge amounts without disclosure, creating urgency and misleading consumers.

12. Instacart's "Schedule Ahead & Save $2" feature advertises a specific early delivery time but, upon selection, only offers later or next-day windows for the discount.

## CLASS ALLEGATIONS

13. The class consists of all New York Instacart subscription members who were charged priority surcharges or misled by the Schedule Ahead & Save feature.

14. Common questions include whether Instacart misrepresented membership benefits, violated GBL §§ 349–350, breached its contract, was unjustly enriched, or committed fraud.

## CAUSES OF ACTION

**FIRST CAUSE OF ACTION** (Violation of GBL § 349)

15. Plaintiff repeats, reiterates, and realleges all prior allegations.

16. Instacart engaged in consumer-oriented deceptive acts, including representing that priority delivery was included in membership while later imposing surcharges, misrepresenting two-hour delivery windows, using undisclosed algorithms to manipulate surcharge amounts, and advertising false delivery times under the Schedule Ahead & Save feature.

17. Subscription purchasers paid for and did not receive the promised benefits and were charged again to receive same all causing damages to the Plaintiff and all class members.

**SECOND CAUSE OF ACTION** (Violation of GBL § 350)

18. Plaintiff repeats, reiterates, and realleges all prior allegations.

19. Instacart engaged in false advertising by representing that membership included priority delivery and reduced service fees, misrepresenting delivery window availability, falsely advertising early delivery windows under the Schedule Ahead & Save feature, and concealing surcharge algorithms.

20. Subscription purchasers paid for and did not receive the promised benefits and were charged again to receive same all causing damages to the Plaintiff and all class members.

**THIRD CAUSE OF ACTION** (Breach of Contract)

21. Plaintiff repeats, reiterates, and realleges all prior allegations.

22. Instacart unilaterally altered material terms of the membership agreement by imposing new surcharges and removing promised benefits, thereby breaching their subscription contract and causing damage to Plaintiff and all class members.

**FOURTH CAUSE OF ACTION** (Unjust Enrichment)

23. Plaintiff repeats, reiterates, and realleges all prior allegations.

24. Instacart was unjustly enriched by charging surcharges for benefits already promised as part of its membership, damaging Plaintiff and all class members.

**FIFTH CAUSE OF ACTION** (Fraud)

25. Plaintiff repeats, reiterates, and realleges all prior allegations.

26. Instacart knowingly misrepresented the inclusion of priority delivery, delivery window accuracy, and scheduling benefits to induce membership enrollment and renewal, thereby causing damages to Plaintiff and all class members.

**SIXTH CAUSE OF ACTION** (Fraud in the Inducement)

27. Plaintiff repeats, reiterates, and realleges all prior allegations.

28. Instacart knowingly made false statements and concealed material facts regarding membership benefits to induce enrollment and continued payment, thereby causing damages to Plaintiff and all class members.

**PRAYER FOR RELIEF**

Plaintiff demands: – Class certification
– Actual and statutory damages
– Treble damages
– Restitution
– Injunctive relief
– Attorney's fees and costs
– Any further relief deemed just

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: Hauppauge, New York
December 3, 2025

Respectfully submitted,

By: Timothy Manning
TIMOTHY MANNING, ESQ.,
LAW OFFICE OF KENNETH M. MOLLINS, P.C.
Attorney for Plaintiff and the Proposed Class
1393 Veterans Memorial Highway, Suite 414
Hauppauge, New York 11788
Tel: (631) 608-4100

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK
----------------------------------------------------------------X
KENNETH M. MOLLINS, Individually and on behalf of all Others Similarly Situated,

Index No.

Plaintiff,

**ATTORNEY'S VERIFICATION**

-against-

INSTACAR (MAPLEBEAR INC.),

Defendant.
----------------------------------------------------------------X
STATE OF NEW YORK )
)SS:
COUNTY OF SUFFOLK )

I, **TIMOTHY MANNING**, the undersigned, an attorney duly admitted to practice law in the State of New York, hereby stated that I am an associate with the LAW OFFICE OF KENNETH M. MOLLINS, PC., who is the attorney of record for the Plaintiff in the within action; I have read the foregoing **SUMMONS AND CLASS ACTION COMPLAINT** and know the contents thereof; the same is true to my own knowledge, except as to those matters therein stated to be alleged on information and belief, and as to those matters I believe them to be true.

The grounds of my belief as to all matters not stated upon my own knowledge is the information contained in my files.

Dated: Hauppauge, New York
December 3, 2025

Timothy Manning
TIMOTHY MANNING, ESQ.

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF SUFFOLK

KENNETH M. MOLLINS, Individually and on behalf of all Others Similarly Situated,

Plaintiff,

-against-

INSTACART (MAPLEBEAR INC.),

Defendant.

**SUMMONS AND**
**CLASS ACTION COMPLAINT**

LAW OFFICE OF KENNETH M. MOLLINS, P.C.
Attorneys for Plaintiff
1393 Veterans Memorial Highway
Suite 101S
Hauppauge, New York 11788
Tel. No.: (631) 608-4100
Fax No.: (631) 608-4107

Search your mail or the web 24/7 Help Home

Compose

Back | Keep as New | Move | Delete | Spam

Today on AOL

New Mail 1
Old Mail
Starred
Drafts
Sent
Spam
Recently Deleted
Less

Views Hide

Contacts
Photos
Documents
Unsubscribe
Receipts
Credits
Travel

Folders Hide

+ New Folder
Saved Mail 3
Archive
Notes
Recovered Mail
Recovered Sent Mail
SavedIMs

NYSCEF Alert: Suffolk - Commercial - Contract - <ASSIGNMENT OF INDEX NUMBER> 632386/2025 (KENNETH M MOLLINS et al v. INSTACART (MAPLEBEAR INC.),)

Aol/Old Mail

**efile@nycourts.gov** Wed, Dec 3 at 10:03 AM
**From:** efile@nycourts.gov
**To:** kmollinslaw@aol.com

**efile@nycourts.gov**
efile@nycourts.gov
Edit contact

## Suffolk County Supreme Court Assignment of Index Number 12/03/2025

**Please Note**

You must serve the appropriate Notice of Electronic Filing in hard copy along with your commencement documents, all of which must bear full signatures. Proof of service of these documents must be e-filed as well. See our Forms page to select the appropriate notice to be served.

On 12/03/2025, at 10:03:56 AM, an index number was assigned to the case listed below.

**Case Information**

Index #: **632386/2025**
Caption: **KENNETH M MOLLINS et al v. INSTACART (MAPLEBEAR INC.),**
Assigned Case Judge: **No Judge Assigned**

**Documents Received**

| Doc # | Document | Received Date |
|---|---|---|
| 1 | SUMMONS + COMPLAINT | 12/03/2025 |

**E-mail Service Notifications Sent**

| Name | Email Address |
|---|---|
| KENNETH MARC MOLLINS | kmollinslaw@aol.com |

**SUPREME COURT OF THE STATE OF NEW YORK**
**COUNTY OF**

-----------------------------------------------------------------x

KENNETH M. MOLLINS, Individually and on Behalf of All Others Similarly Situated,

Plaintiff/Petitioner,

- against -

INSTACART (MAPLEBEAR INC.),

Index No.632386/2025

Defendant/Respondent.

-----------------------------------------------------------------x

**NOTICE OF ELECTRONIC FILING**
**(Mandatory Case)**
(Uniform Rule § 202.5-bb)

**You have received this Notice because**:

1) The Plaintiff/Petitioner, whose name is listed above, has filed this case using the New York State Courts E-filing system ("NYSCEF"), and

2) You are a Defendant/Respondent (a party) in this case.

- **If you are represented by an attorney:** Give this Notice to your attorney. (Attorneys: see "Information for Attorneys" pg. 2).

- **If you are not represented by an attorney:** **You will be served with all documents in paper and you must serve and file your documents in paper, unless you choose to participate in e-filing.**

**If you choose to participate in e-filing, you must have access to a computer and a scanner or other device to convert documents into electronic format, a connection to the internet, and an e-mail address to receive service of documents.**

The **benefits of participating in e-filing** include:

- serving and filing your documents electronically
- free access to view and print your e-filed documents
- limiting your number of trips to the courthouse
- paying any court fees on-line (credit card needed)

**To register for e-filing or for more information about how e-filing works:**

- visit: www.nycourts.gov/efile-unrepresented or
- contact the Clerk's Office or Help Center at the court where the case was filed. Court contact information can be found at www.nycourts.gov

To find legal information to help you represent yourself visit www.nycourthelp.gov

**Information for Attorneys**
**(E-filing is Mandatory for Attorneys)**

An attorney representing a party who is served with this notice must either:

1) immediately record his or her representation within the e-filed matter on the NYSCEF site www.nycourts.gov/efile ; or

2) file the Notice of Opt-Out form with the clerk of the court where this action is pending and serve on all parties. Exemptions from mandatory e-filing are limited to attorneys who certify in good faith that they lack the computer hardware and/or scanner and/or internet connection or that they lack (along with all employees subject to their direction) the knowledge to operate such equipment. [Section 202.5-bb(e)]

For additional information about electronic filing and to create a NYSCEF account, visit the NYSCEF website at www.nycourts.gov/efile or contact the NYSCEF Resource Center (phone: 646-386-3033; e-mail: nyscef@nycourts.gov).

Dated: 12-5-25

LAW OFFICE OF KENNETH MOLLIN!
Name

Firm Name

1393 VETERANS MEMORIAL HIGHWA
Address

HAUPPAUGE NY 11788

Phone

E-Mail

To: ALL DEFENDANTS